UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MENFIL OTONIEL ARDON LEON,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 2:26-cv-239

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.9.)

In an order entered on October 1, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the September 29, 2026, bond hearing on October 6, 2026. (Resp., ECF No. 5; Recording of Sep. 29,

2026, Bond Hearing, filed on Oct. 6, 2026.) Petitioner filed a reply on October 9, 2026. (ECF No. 6.)

## II. Relevant Factual Background

Petitioner is a citizen of Guatemala who entered the United States in 2013. (Pet., ECF No. 1, PageID.2.) On July 16, 2026, Petitioner was arrested by ICE agents. (*Id.*, PageID.3.)

On September 29, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 5-2, PageID.207.) At the conclusion of that hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "flight risk." (*Id.*)

## III. Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on September 29, 2026. *See Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: October 14, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge